ILND 44 (Rev. 08/23)  **CIVIL COVER SHEET**

The ILND 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(See instructions on next page of this form.)*

## I. (a) PLAINTIFFS

Cardinal Scale Manufacturing Company

**(b)** County of Residence of First Listed Plaintiff  Jasper County, MO
*(Except in U.S. plaintiff cases)*

**(c)** Attorneys *(firm name, address, and telephone number)*
Carly S. Grant and Michael P. Tomlinson
Tomlinson & Shapiro, P.C.
5440 N. Cumberland Ave., Ste. 302, Chicago, IL 60656
312-715-8770

## DEFENDANTS

HQ Scales, Inc. f/k/a Belt Scale HQ, Inc.; Rogers, Aaron R.; Buis, Colony; Martin, Sara; and Linville, Rich

County of Residence of First Listed Defendant  Whiteside County, IL
*(In U.S. plaintiff cases only)*
Note: In land condemnation cases, use the location of the tract of land involved.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Check one box, only.)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question  *(U.S. Government not a party.)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity  *(Indicate citizenship of parties in Item III.)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(For Diversity Cases Only.)*
*(Check one box, only for plaintiff and one box for defendant.)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Check one box, only.)*

| CONTRACT | TORTS | | PRISONER PETITIONS | LABOR | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 510 Motions to Vacate Sentence | ☐ 710 Fair Labor Standards Act | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 530 General | ☐ 720 Labor/Management Relations | ☐ 376 Qui Tam (31 USC 3729 (a)) |
| | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 535 Death Penalty | ☐ 740 Railway Labor Act | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | | **Other:** | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 540 Mandamus & Other | ☐ 751 Family and Medical Leave Act | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | | ☐ 555 Prison Condition | ☐ 791 Employee Retirement Income Security Act | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loan (Excludes Veterans) | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | ☐ 560 Civil Detainee - Conditions of Confinement | | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | | | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | | **PROPERTY RIGHTS** | ☐ 485 Telephone Consumer Protection Act (TCPA) |
| | ☐ 362 Personal Injury - Medical Malpractice | | | ☐ 820 Copyright | |
| ☐ 160 Stockholders' Suits | | ☐ 380 Other Personal Property Damage | | ☐ 830 Patent | |
| ☐ 190 Other Contract | | ☐ 385 Property Damage Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | | | | ☒ 840 Trademark | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | | ☐ 880 Defend Trade Secrets Act of 2016 (DTSA) | ☐ 890 Other Statutory Actions |
| | | | | | ☐ 891 Agricultural Acts |

| REAL PROPERTY | CIVIL RIGHTS | BANKRUPTCY | FORFEITURE/PENALTY | SOCIAL SECURITY | |
|---|---|---|---|---|---|
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | ☐ 422 Appeal 28 USC 158 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 861 HIA (1395ff) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 423 Withdrawal 28 USC 157 | ☐ 690 Other | ☐ 862 Black Lung (923) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | | | ☐ 863 DIWC/DIWW (405(g)) | |
| ☐ 240 Torts to Land | ☐ 443 Housing/Accommodations | **IMMIGRATION** | | ☐ 864 SSID Title XVI | ☐ 896 Arbitration |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/ Disabilities- Employment | ☐ 462 Naturalization Application | | ☐ 865 RSI (405(g)) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 463 Habeas Corpus – Alien Detainee (Prisoner Petition) | | **FEDERAL TAXES** | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education | ☐ 465 Other Immigration Actions | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| | | | | ☐ 871 IRS—Third Party 26 USC 7609 | |

## V. ORIGIN *(Check one box, only.)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District (specify)
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
(Enter U.S. Civil Statute under which you are filing and write a brief statement of cause.)
15 USC § 1114(1)(a) (Fed. Trademark Infringement);
15 USC § 1125(a)(1)(A) (Fed. Unfair Competition)

## VII. PREVIOUS BANKRUPTCY MATTERS (For nature of suit 422 and 423, enter the case number and judge for any associated bankruptcy matter previously adjudicated by a judge of this Court. Use a separate attachment if necessary.)

## VIII. REQUESTED IN COMPLAINT:
☐ Check if this is a **class action** under Rule 23, F.R.CV.P.

Demand $ In excess of $75,000

CHECK Yes only if demanded in complaint:
Jury Demand: ☐ Yes  ☒ No

## IX. RELATED CASE(S) IF ANY *(See instructions.)*:
Judge _____  Case Number _____

## X. Is this a previously dismissed or remanded case?
☐ Yes  ☒ No  If yes, Case # _____  Name of Judge _____

Date: __June 19, 2024_____

Signature of Attorney of Record  /s/ Carly S. Grant

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS – WESTERN DIVISION**

| | | |
|---|---|---|
| Cardinal Scale Manufacturing Company, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. _____ |
| | ) | |
| HQ Scales, Inc. f/k/a Belt Scale HQ, Inc., | ) | |
| Aaron R. Rogers, Colony Buis, | ) | |
| Sara Martin, and Rich Linville, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiff Cardinal Scale Manufacturing Company ("Plaintiff" or "Cardinal"), through its counsel, pleads as follows for its Complaint against defendants HQ Scales, Inc. f/k/a Belt Scale HQ, Inc. ("BSHQ"), Aaron R. Rogers ("Rogers"), Colony Buis ("Buis"), Sara Martin ("Martin"), and Rich Linville ("Linville")[1]:

## NATURE OF THE ACTION

1.      This Complaint involves claims of trademark infringement and unfair competition under 15 U.S.C. § 1051, *et seq.* ("Lanham Act"), deceptive trade practices and unfair competition under 815 ILCS § 510 (Illinois Uniform Deceptive Trade Practices Act ("UDTPA")), misappropriation of trade secrets under 765 ILCS § 1065/2(d) (Illinois Trade Secret Act ("ITSA")), and tortious interference with prospective economic advantage.

## PARTIES

2.      Plaintiff Cardinal is a corporation organized under the laws of Missouri with its principal place of business in Webb City, Missouri.

---

[1] All defendants are collectively referenced herein as "Defendants", and all individual defendants are collectively referenced herein as "Individual Defendants."

3.    Cardinal is owned by six trusts, all which trustees are citizens of Missouri, as follows:

    a.    William H Perry III Trust U/T/A dated December 9, 2019, Trustee William H Perry, III, citizen of Missouri;

    b.    Rebecca J Perry Trust U/T/A dated December 9, 2019, Trustee Rebecca J Perry, citizen of Missouri;

    c.    Rebecca J Perry 2021 Grandchildrens Irrevocable Trust FBO Maxwell Stovern U/T/A dated October 29, 2021, Trustee Matthew R. Stovern, citizen of Missouri;

    d.    Rebecca J Perry 2021 Grandchildrens Irrevocable Trust FBO Tressa Stovern U/T/A dated October 29, 2021, Trustee Matthew R. Stovern, citizen of Missouri;

    e.    Rebecca J Perry 2021 Grandchildrens Irrevocable Trust FBO Rylee Stovern U/T/A dated October 29, 2021, Trustee Matthew R. Stovern, citizen of Missouri; and

    f.    Stovern Family Trust U/T/A January 27, 2022, Co-Trustee Matthew R. Stovern, citizen of Missouri, and Co-Trustee Aston P Stovern, citizen of Missouri.

4.    Defendant BSHQ is a corporation organized under the of Illinois with its principal place of business in Sterling, Illinois.

5.    Defendant Rogers is a citizen of Illinois and is an officer, director, and/or manager of BSHQ.

6.    Defendant Buis is a citizen of Illinois and is an officer, director, and/or manager of BSHQ.

7.    Defendant Martin is a citizen of Illinois and is an officer, director, and/or manager of BSHQ.

8.      Defendant Linville is a citizen of Illinois and is an officer, director, and/or manager of BSHQ.

## JURISDICTION AND VENUE

9.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a) and 15 U.S.C. § 1051, *et seq.* because this action arises under trademark laws of the United States Lanham Act and seeks damages, injunctive, and other relief.

10.     This Court also has diversity jurisdiction under 28 U.S.C. § 1332 because Cardinal is a citizen of a different state than all the Defendants and the amount in controversy is believed to exceed $75,000.

11.     This Court has supplemental jurisdiction of the Illinois state claims pursuant to 28 U.S.C. § 1367.

12.     This Court has personal jurisdiction over BSHQ because it is an Illinois corporation with its office and principal place of business in Sterling, Illinois.

13.     This Court has personal jurisdiction over Rogers because he resides in Illinois and works in Sterling, Illinois.

14.     This Court has personal jurisdiction over Buis because she resides in Illinois and works in Sterling, Illinois.

15.     This Court has personal jurisdiction over Martin because she resides in Illinois and works in Sterling, Illinois.

16.     This Court has personal jurisdiction over Linville because he resides in Illinois and works in Sterling, Illinois.

17.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(1) and § 1391(b)(2).

## FACTUAL ALLEGATIONS

### Party History

18.    Cardinal has been in business for over seventy years, and primarily manufactures highly specialized scales for various industries.

19.    On September 22, 2020, Cardinal acquired the assets, business, customer list, and employees of Belt-Way Scales, Inc. ("Belt-Way") which manufactures, among other things, conveyor belt scales.

20.    Following the purchase of Belt-Way, Cardinal maintained the management structure of Belt-Way and continued to sell the Belt-Way products under the Belt-Way name.

21.    Prior to and after Cardinal's acquisition of Belt-Way, Rogers held the title Belt-Way Service Manager.

22.    Prior to and after Cardinal's acquisition of Belt-Way, Buis held the title Belt-Way General Manager.

23.    Prior to and after Cardinal's acquisition of Belt-Way, Martin held the title Belt-Way Production Manager.

24.    Prior to and after Cardinal's acquisition of Belt-Way, Linville held the title of Machine/CNC Operator.

25.    Prior to and after Cardinal's acquisition of Belt-Way, Individual Defendants were intimately involved in the manufacture, marketing, and sale of the Belt-Way products, including without limitation the Belt-Way Conveyor Belt Scale.

26.    Prior to and after Cardinal's acquisition of Belt-Way, Individual Defendants had access to the designs for the Belt-Way products.

**Cardinal's Trademark and Trade Secrets**

27.     Over Cardinal's lengthy and highly focused presence in the scale manufacturing industry, it has developed significant goodwill, relationships, and customers which would not exist without its decades of effort and expense building its business and associated goodwill.

28.     Particularly, Cardinal has had a nationwide presence for decades selling highly specialized scales including but not limited to aggregate scales, industrial scales, medical scales, agricultural scales, and commercial kitchen scales.

29.     Belt-Way, which is the name it has used in commerce since 1999, also has significant goodwill, relationships, and customers, all of which Cardinal acquired when it acquired Belt-Way.

30.     Cardinal does not publicize its equipment designs in full or the totality of its interrelated component parts and related know-how, customer lists, sales pitches, contracts, or price points.  An employee only obtains any of this information to perform a particular task that so requires it.

31.     When it acquired Belt-Way, Cardinal also acquired Belt-Way's Belt-Way Conveyor Belt Scale.

32.     The Belt-Way Conveyor Belt Scale is used in the aggregate industry to weigh aggregate materials (*e.g.*, sand, gravel, crushed stone) to determine how much product is being transferred from one location to another, for example.

33.     Cardinal also acquired the trademark, "Belt-Way," with U.S. Registration No. 1827344, and Belt-Way's domain name www.beltwayscales.com when it acquired Belt-Way. Both are used in commerce across the United States, as well as internationally, in connection

with the manufacturing, sale, marketing, advertising, and promotion of industrial scales, including the Belt-Way Conveyor Belt Scale.

34.     As a result of the widespread, continuous, and exclusive use of the name Belt-Way, the registered mark Belt-Way, the domain name www.beltwayscales.com, and the Belt-Way Conveyor Belt Scale to identify its goods and Plaintiff as their source, Plaintiff owns valid and subsisting statutory and common law rights to the name Belt-Way, the registered mark Belt-Way, the domain name www.beltwayscales.com, and the design of the Belt-Way Conveyor Belt Scale.

35.     The name Belt-Way, the registered mark Belt-Way, the domain name www.beltwayscales.com, and the Belt-Way Conveyor Belt Scale are distinctive within the scale manufacturing industry.

**Defendants' Unlawful Conduct**

36.     In or around November 2021, Individual Defendants voluntarily terminated their employment with Cardinal and formed a competing business in or around January 2022.

37.     Individual Defendants formed Defendant BSHQ.

38.     Individual Defendants knowingly and intentionally chose a company name extremely similar to Belt-Way Scales when they named their new company Belt Scale HQ.

39.     Doubling down on the name similarity, Defendants adopted a domain name extremely similar to Belt-Way's domain, beltwayscales.com, when they chose the domain beltscalehq.com for BSHQ.

40.     Defendants' use of a similar company name and similar domain is a clear attempt to improperly profit from the Belt-Way name and goodwill developed over decades and to confuse customers into believing that Belt-Way and BSHQ are affiliated.

41.     In December 2023 and March 2024, Plaintiff sent Defendants cease and desist letters outlining their concerns with Belt Scale HQ.  On information and belief, after receiving the first letter, Defendants changed BSHQ's name to HQ Scales and updated the company's domain name to hqscales.com to further carry on their deceit to the public.

42.     Specifically, Defendants continue to rely on the company's original name to benefit their business.  Despite the url name change, the header of BSHQ's homepage, the first part of the website a customer will see, highlights a Belt Scale HQ graphic.  Each page of BSHQ's website also contains a map that identifies the company as Belt Scale HQ, Inc.

43.     On information and belief, the website's search engine optimization ("SEO") and metadata also continue to rely on Belt Scale HQ, continuing to use Plaintiff's goodwill and name recognition to drive internet traffic to its website.  For example, a Google search for "Belt Scale HQ" brings up HQ Scales as the top result.  In addition, BSHQ's official YouTube channel continues to rely on Belt Scale HQ in its SEO and metadata.  A search for the YouTube channel, either under "HQ Scales" or "Belt Scale HQ," shows results with a hyperlink named "Belt Scale HQ, Inc."

44.     Furthermore, in March 2024, Plaintiff attended a trade show where some or all of the defendants were present representing BSHQ.  Defendants displayed a sign saying "Belt Scale HQ" at the front of their booth.

45.     Moreover, on information and belief, Defendants are improperly using Cardinal's proprietary information – its customer list – to solicit the business of Cardinal's customers and steer them away from Cardinal's products, including its Belt-Way products.

46.     In early 2024, Plaintiff lost two customers who subsequently became customers of BSHQ.  These two companies are small companies.  One is located in another state.  The other

operates in a foreign country. On information and belief, BSHQ knew about these potential customers only because they were former customers of Plaintiff.

47. To round out Defendants' unlawful conduct, Defendants have launched a "new" product under the BSHQ name, the Torpedo Complete Belt Scale ("Torpedo Scale").

48. Other than the color of the scale, the Torpedo Scale is nearly identical in design and function to the Belt-Way Conveyor Belt Scale:


**Belt-Way Conveyor Belt Scale**


**BSHQ Torpedo Scale**

49. Individual Defendants all helped develop the Belt-Way Conveyor Belt Scale when they worked for Belt-Way, both before and after Cardinal acquired it.

50. The design of the Belt-Way Conveyor Belt Scale and the interrelatedness of its component parts are both confidential and proprietary.

51. Nonetheless, Defendants have willfully and maliciously taken this confidential and proprietary design to produce and market essentially the same scale under BSHQ.

52. Defendants' infringing acts as alleged herein have caused and are likely to cause confusion, mistake, and deception among the relevant consuming public as to the source or origin of the Defendants' products and have and are likely to deceive the relevant consuming public into believing, mistakenly, that Defendants' products originate from, are associated or affiliated with, or otherwise authorized by Plaintiff.

53.     On information and belief, Defendants' acts are willful with the deliberate intent to trade on the goodwill of the Belt-Way name, trademark, domain name, and design of the Belt-Way Conveyor Belt Scale, cause confusion and deception in the marketplace, and divert potential sales of Plaintiff's products to Defendants.

54.     Defendants' acts are causing and, unless restrained, will continue to cause damage and immediate irreparable harm to Cardinal and to its valuable reputation and goodwill with the consuming public for which Cardinal has no adequate remedy at law.

## COUNT I: FEDERAL TRADEMARK INFRINGEMENT
### (Lanham Act 15 U.S.C. § 1114(1)(a))

55.     Cardinal incorporates the allegations of Paragraphs 1 through 54 as though fully set forth in Count I.

56.     Defendants' unauthorized use in commerce of the name Belt Scale HQ, the domain beltscalehq.com, and corresponding SEO and metadata, and the Torpedo Scale design as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendants' goods, and is likely to cause consumers to believe, contrary to fact, that Defendants' goods are sold, authorized, endorsed, or sponsored by Plaintiff, or that Defendants are in some way affiliated with or sponsored by Plaintiff.

57.     Defendants' conduct therefore constitutes trademark infringement.

58.     On information and belief, Defendants committed the foregoing acts of infringement with full knowledge of Plaintiff's prior rights in the name Belt-Way, the trademark Belt-Way, the domain www.beltwayscales.com, and the design of the Belt-Way Conveyor Belt Scale, and with the willful intent to cause confusion and trade on Plaintiff's goodwill.

59.     Defendants' conduct is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this court.  Plaintiff has no adequate remedy at law.

60.     Individual Defendants are, on information and belief, each officers of BSHQ or personally participate in the manufacture or sale of the Torpedo Scale and use of the infringing name and domain.

61.     Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendants' profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

WHEREFORE, Cardinal respectfully prays the Court: (a) enter judgment in its favor on Count I; (b) issue an order permanently enjoining Defendants from using the name Belt Scale HQ, the domain beltscalehq.com, such name and domain in its internet SEO and metadata, and the Torpedo Scale design; (c) award damages including actual damages and profits in such amounts as may be found, or, alternatively, at Cardinal's election, maximum statutory damages for each act of willful infringement; (d) award treble damages in such amounts as may be found; (e) award attorneys' fees and costs; (f) award prejudgment and post-judgment interest; and (g) award such other relief as the Court deems equitable and appropriate.

## COUNT II: FEDERAL UNFAIR COMPETION
### (Lanham Act 15 U.S.C. § 1125(a)(1)(A))

62.     Cardinal incorporates the allegations of Paragraphs 1 through 54 as though fully set forth in Count II.

63.     Defendants' unauthorized use in commerce of the name Belt Scale HQ, the domain beltscalehq.com, and corresponding SEO and metadata, and the Torpedo Scale design as

alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendants' goods, and is likely to cause consumers to believe, contrary to fact, that Defendants' goods are sold, authorized, endorsed, or sponsored by Plaintiff, or that Defendants are in some way affiliated with or sponsored by Plaintiff.

64.     Defendants' unauthorized use in commerce of the name Belt Scale HQ, the domain beltscalehq.com, and corresponding SEO and metadata, and the Torpedo Scale design as alleged herein constitutes use of a false designation of origin and misleading description and representation of fact.

65.     On information and belief, Defendants' conduct as alleged herein is willful and is intended to and is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendants with Plaintiff.

66.     Defendants' conduct as alleged herein constitutes unfair competition.

67.     Defendants' conduct as alleged herein is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this court.  Plaintiff has no adequate remedy at law.

68.     Individual Defendants are, on information and belief, each officers of BSHQ or personally participate in the manufacture or sale of the Torpedo Scale and use of the infringing name and domain.

69.     Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendants' profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

WHEREFORE, Cardinal respectfully prays the Court: (a) enter judgment in its favor on Count II; (b) issue an order permanently enjoining Defendants from using the name Belt Scale HQ, the domain beltscalehq.com, such name and domain in its internet SEO and metadata, and the Torpedo Scale design; (c) award damages including actual damages and profits in such amounts as may be found, or, alternatively, at Cardinal's election, maximum statutory damages for each act of willful infringement; (d) award treble damages in such amounts as may be found; (e) award attorneys' fees and costs; (f) award prejudgment and post-judgment interest; and (g) award such other relief as the Court deems equitable and appropriate.

### COUNT III: FEDERAL DEFEND TRADE SECRETS ACT
### (18 U.S.C. § 1836 *et seq.*)

70.     Cardinal incorporates the allegations of Paragraphs 1 through 54 as though fully set forth in Count III.

71.     Cardinal owns trade secrets – namely the design of the Belt-Way Conveyor Belt Scale and Cardinal's customer list.

72.     Individual Defendants had access to and personal knowledge of Cardinal's customer list and the design of the Belt-Way Conveyor Belt Scale as Cardinal's employees.

73.     Individual Defendants only had knowledge of and access to Cardinal's customer list and the design of the Belt-Way Conveyor Belt Scale to carry out the legitimate business of Cardinal.

74.     Cardinal's customer list and the design of the Belt-Way Conveyor Belt Scale, and specifically how the component parts are interrelated, are not publicly available.

75.     On information and belief, Individual Defendants willfully and maliciously misappropriated Cardinal's customer list and the design of the Belt-Way Conveyor Belt Scale and provided it to BSHQ to use for its own interests and in direct competition with Cardinal.

76. Cardinal did not authorize Defendants to have or use its customer list and the design of the Belt-Way Conveyor Belt Scale for BSHQ's interest.

77. BSHQ would not otherwise have this information but for Individual Defendants' disclosure, nor would it have a lengthy customer base or the Torpedo Scale to sell as its own product.

78. As a result of Defendants' use of Cardinal's customer list and the design of the Belt-Way Conveyor Belt Scale, Cardinal has suffered damage thereby.

79. Defendants' conduct as alleged herein is causing immediate and irreparable harm and injury to Plaintiff, and will continue to damage Plaintiff unless enjoined by this court. Plaintiff has no adequate remedy at law.

80. Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, exemplary damages. and reasonable attorneys' fees, together with prejudgment and post-judgment interest.

81. WHEREFORE, Cardinal respectfully prays the Court: (a) enter judgment in its favor on Count III; (b) issue an order permanently enjoining Defendants from using the Torpedo Scale design and Cardinal's customer list; (c) award damages in such amounts as may be found; (d) award exemplary damages in such amounts as may be found; (e) award attorneys' fees and costs; (f) award prejudgment and post-judgment interest; and (g) award such other relief as the Court deems equitable and appropriate.

## COUNT IV: ILLINOIS DECEPTIVE TRADE PRACTICES
### (815 ILCS § 510)

82. Cardinal incorporates the allegations of Paragraphs 1 through 54 as though fully set forth in Count IV.

83.     Defendants' unauthorized use in commerce of the name Belt Scale HQ, the domain beltscalehq.com, and corresponding SEO and metadata, and the Torpedo Scale design as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendants' goods, and is likely to cause consumers to believe, contrary to fact, that Defendants' goods are sold, authorized, endorsed, or sponsored by Plaintiff, or that Defendants are in some way affiliated with or sponsored by Plaintiff.

84.     Defendants' unauthorized use in commerce of the name Belt Scale HQ, the domain beltscalehq.com, and corresponding SEO and metadata, and the Torpedo Scale design as alleged herein constitutes use of a false designation of origin and misleading description and representation of fact.

85.     Upon information and belief, Defendants' conduct as alleged herein is willful and is intended to and is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendants with Plaintiff.

86.     Defendants' conduct as alleged herein constitutes deceptive trade practices.

87.     Defendants' conduct as alleged herein is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this court.  Plaintiff has no adequate remedy at law.

88.     Individual Defendants are, on information and belief, each officers of BSHQ or personally participate in the manufacture or sale of the Torpedo Scale and use of the infringing name and domain.

89.     Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendants' profits, punitive damages, reasonable attorneys' fees, and costs of the

action under the Illinois Consumer Fraud and Deceptive Practices Act, 815 Ill. Comp. Stat. 505/1 *et seq.*, together with prejudgment and post-judgment interest.

WHEREFORE, Cardinal respectfully prays the Court: (a) enter judgment in its favor on Count IV; (b) issue an order permanently enjoining Defendants from using the name Belt Scale HQ, the domain beltscalehq.com, such name and domain in its internet SEO and metadata, and the Torpedo Scale design; (c) award damages including actual damages and profits in such amounts as may be found, or, alternatively, at Cardinal's election, maximum statutory damages for each act of willful infringement; (d) award punitive damages in such amounts as may be found; (e) award attorneys' fees and costs; (f) award prejudgment and post-judgment interest; and (g) award such other relief as the Court deems equitable and appropriate.

## COUNT V: ILLINOIS UNFAIR COMPETITION
### (815 ILCS § 510)

90.     Cardinal incorporates the allegations of Paragraphs 1 through 53 as though fully set forth in Count V.

91.     Defendants' unauthorized use in commerce of the name Belt Scale HQ, the domain beltscalehq.com, and corresponding SEO and metadata, and the Torpedo Scale design as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendants' goods, and is likely to cause consumers to believe, contrary to fact, that Defendants' goods are sold, authorized, endorsed, or sponsored by Plaintiff, or that Defendants are in some way affiliated with or sponsored by Plaintiff.

92.     Defendants' unauthorized use in commerce of the name Belt Scale HQ, the domain beltscalehq.com, and corresponding SEO and metadata, and the Torpedo Scale design as alleged herein constitutes use of a false designation of origin and misleading description and representation of fact.

93.     Upon information and belief, Defendants' conduct as alleged herein is willful and is intended to and is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendants with Plaintiff.

94.     Defendants' conduct as alleged herein constitutes unfair competition.

95.     Defendants' conduct as alleged herein is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this court.  Plaintiff has no adequate remedy at law.

96.     Individual Defendants are, on information and belief, each officers of BSHQ or personally participate in the manufacture or sale of the Torpedo Scale and use of the infringing name and domain.

97.     Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendants' profits, punitive damages, reasonable attorneys' fees, and costs of the action under the Illinois Consumer Fraud and Deceptive Practices Act, 815 ILCS § 505/1 *et seq.*, together with prejudgment and post-judgment interest.

WHEREFORE, Cardinal respectfully prays the Court: (a) enter judgment in its favor on Count V; (b) issue an order permanently enjoining Defendants from using the name Belt Scale HQ, the domain beltscalehq.com, such name and domain in its internet SEO and metadata, and the Torpedo Scale design; (c) award damages including actual damages and profits in such amounts as may be found, or, alternatively, at Cardinal's election, maximum statutory damages for each act of willful infringement; (d) award punitive damages in such amounts as may be found; (e) award attorneys' fees and costs; (f) award prejudgment and post-judgment interest; and (g) award such other relief as the Court deems equitable and appropriate.

## COUNT VI: ILLINOIS TRADE SECRET ACT
### (765 ILCS § 1065/2(d))

98.     Cardinal incorporates the allegations of Paragraphs 1 through 53 as though fully set forth in Count VI.

99.     Individual Defendants had access to and personal knowledge of Cardinal's customer list and the design of the Belt-Way Conveyor Belt Scale as Cardinal's employees.

100.    Individual Defendants only had knowledge of and access to Cardinal's customer list and the design of the Belt-Way Conveyor Belt Scale to carry out the legitimate business of Cardinal.

101.    Cardinal's customer list and the design of the Belt-Way Conveyor Belt Scale, and specifically how the component parts are interrelated, are not publicly available.

102.    On information and belief, Individual Defendants willfully and maliciously took Cardinal's customer list and the design of the Belt-Way Conveyor Belt Scale and provided it to BSHQ to use for its own interests and in direct competition with Cardinal.

103.    Cardinal did not authorize Defendants to have or use its customer list and the design of the Belt-Way Conveyor Belt Scale for BSHQ's interest.

104.    BSHQ would not otherwise have this information but for Individual Defendants' disclosure, nor would it have a lengthy customer base or the Torpedo Scale to sell as its own product.

105.    As a result of Defendants' use of Cardinal's customer list and the design of the Belt-Way Conveyor Belt Scale, Defendants cause confusion and deception in the marketplace, and divert potential sales of Plaintiff's products to Defendants.

106.    Cardinal has suffered damage thereby.

107.    Defendants' conduct as alleged herein is causing immediate and irreparable harm and injury to Plaintiff, and will continue to damage Plaintiff unless enjoined by this court. Plaintiff has no adequate remedy at law.

108.    Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, unjust enrichment caused by Defendants' misappropriation, or, in the alternative, a reasonable royalty for Defendants' unauthorized use of a Cardinal's trade secrets, as well as exemplary damages and reasonable attorneys' fees under the Illinois Trade Secret Act, 765 ILCS 1065/3-4, together with prejudgment and post-judgment interest.

WHEREFORE, Cardinal respectfully prays the Court: (a) enter judgment in its favor on Count VI; (b) issue an order permanently enjoining Defendants from using the name Belt Scale HQ, the domain beltscalehq.com, such name and domain in its internet SEO and metadata, the Torpedo Scale design, and Cardinal's customer list; (c) award damages including actual damages and profits in such amounts as may be found, or, alternatively, at Cardinal's election, a reasonable royalty for Defendants' unauthorized use of Cardinal's trade secrets; (d) award exemplary damages in such amounts as may be found; (e) award attorneys' fees and costs; (f) award prejudgment and post-judgment interest; and (g) award such other relief as the Court deems equitable and appropriate.

## COUNT VII: TORTIOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE
### (Common Law)

109.    Cardinal incorporates the allegations of Paragraphs 1 through 53 as though fully set forth in Count VII.

110.     Cardinal developed and acquired relationships with the customers on its customer list and had a reasonable expectation of entering into valid business relationships that would have resulted in an economic benefit to Cardinal.

111.     Defendants were aware of Cardinal's relationships with its customers on its customer list.

112.     Defendants willfully and maliciously interfered with Cardinal's relationship with its customers when they took, without authorization, Cardinal's customer list to divert customers from Cardinal to BSHQ.

113.     Defendants took Cardinal's customer list with the intent of preventing Cardinal's legitimate expectancy of its business relationships with its customers from ripening into valid business relationships.

114.     As a result of Defendants' conduct, Cardinal has incurred damages.

115.     Plaintiff is entitled to, among other relief, injunctive relief and an award of actual and consequential damages, punitive damages, together with prejudgment and post-judgment interest.

WHEREFORE, Cardinal respectfully prays the Court: (a) enter judgment in its favor on Count VII; (b) issue an order permanently enjoining Defendants from using the name Belt Scale HQ, the domain beltscalehq.com, such name and domain in its internet SEO and metadata, the Torpedo Scale design, and Cardinal's customer list; (c) award damages including actual and consequential damages in such amounts as may be found; (d) award punitive damages in such amounts as may be found; (e) award prejudgment and post-judgment interest; and (f) award such other relief as the Court deems equitable and appropriate.

Dated:  June 19, 2024

Respectfully submitted,

Cardinal Scale Manufacturing Company

By:   Michael P. Tomlinson
          One of its attorneys

Michael P. Tomlinson (No. 6279930)
Carly S. Grant (No. 6339046)
TOMLINSON & SHAPIRO, P.C.
5540 N. Cumberland Avenue, Ste. 302
Chicago, IL  60656
Phone: (312) 715-8770
Fax: (866) 625-7089
Email: mpt@tomlinsonshapiro.com
          csg@tomlinsonshapiro.com